# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0156-20

S.G.,

    Plaintiff-Appellant,

v.

A.G.,

    Defendant-Respondent.

_____

        Submitted May 4, 2021 – Decided June 8, 2021

        Before Judges Fisher and Gilson.

        On appeal from the Superior Court of New Jersey, Chancery Division, Cumberland County, Docket No. FV-06-0136-21.

        Stark & Stark, attorneys for appellant (Jennifer Weisberg Millner, of counsel and on the briefs; Taylor W. Brownell, on the briefs).

        Adinolfi, Lieberman, Burick, Falkenstein, Roberto & Molotsky, PA, attorneys for respondent (Drew A. Molotsky, on the brief).

PER CURIAM

Plaintiff appeals from an order denying her application for a final restraining order (FRO) under the Prevention of Domestic Violence Act (Act), N.J.S.A. 2C:25-17 to -35, and dismissing a temporary restraining order (TRO).[1] Plaintiff alleges that defendant, her estranged husband, harassed her by entering the former marital home in violation of a civil order giving her sole possession of the home. The trial judge found that defendant had not committed an act of harassment and plaintiff had not shown that she needed the protection of an FRO. We affirm because the trial judge's findings are supported by substantial credible evidence and we discern no error of law.

## I.

We take the facts from the record developed at the trial held on September 8, 2020. Both parties testified at trial and were represented by attorneys.

The parties were married in August 1996 and they have three children, who are now adults. Both parties are veterinarians and, until 2017, they operated a veterinary hospital together.

In July 2017, defendant assaulted plaintiff and plaintiff obtained a TRO. Following a trial in May 2018, the family court denied plaintiff's application for

---

[1] We use initials in the caption and refer to the parties as plaintiff and defendant to protect privacy interests. R. 1:38-3(d)(9).

an FRO. By that time, plaintiff had commenced a divorce action against defendant. On May 8, 2018, the same family judge who tried the 2018 FRO application entered an order in the divorce action allowing plaintiff "to maintain sole possession" of the marital home and the veterinary business.

Over two years later, on August 9, 2020, defendant came to the former marital home to help one of his daughters move to Ohio to attend veterinary school. Defendant testified that while en route to the home, he developed a strong need to go to the bathroom. Accordingly, when he arrived at the home, he approached the front door, called for his daughter and when she did not answer, entered, and went into the bathroom.

Plaintiff testified that she heard defendant enter the home, became frightened, and "retreated" to a separate part of the house. The daughter then went to the bathroom door to ask if defendant was there, and defendant responded that it was his "f[]ing house" and he could use the bathroom.

Shortly thereafter, defendant exited the home without having any contact or communication with plaintiff. Later, as planned, defendant drove to Ohio in a separate car from his daughter.

The same judge who heard the 2018 FRO application and entered the May 8, 2018 civil order held a trial on the 2020 FRO application. After hearing the

parties' testimony, the trial judge set forth his findings of facts and conclusions of law on the record. The judge then entered an order denying the FRO application and dismissing the TRO. On September 17, 2020, the judge issued a written amplification of his findings and conclusions.

The trial judge found certain facts were not in dispute: (1) defendant had gone to the home to help move his daughter to Ohio; (2) defendant entered the home to use the bathroom; (3) while in the home, defendant had no direct contact or communication with plaintiff; and (4) defendant left the home and drove away.

The trial judge found credible plaintiff's testimony that she was in fear while defendant was in the home on August 9, 2020. The trial judge also found that defendant credibly testified that he had an emergent need to use the bathroom. Consequently, the trial judge found defendant had no intent to harass plaintiff when he entered the home and he had not committed any predicate act that would support an FRO.

Moreover, in his written amplification, the judge found that plaintiff had failed to show she needed an FRO to protect her from future abuse or harm. In making that finding, the court determined that defendant had complied with the

4

2018 civil order for over two years. The judge also noted that the divorce action was pending when the 2020 FRO application was made.

## II.

On appeal, plaintiff makes four arguments, contending (1) the trial judge erred in not appropriately considering the parties' history of domestic violence; (2) defendant committed an act of harassment warranting the entry of an FRO; (3) plaintiff was entitled to the protection of an FRO; and (4) plaintiff should have been granted counsel fees and costs.

Our scope of review of the denial of an FRO is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We accord substantial deference to family judges' findings of fact because of their special expertise in family matters. Id. at 413. That deference is particularly strong when the evidence is largely testimonial and rests on a judge's credibility findings. Gnall v. Gnall, 222 N.J. 414, 428 (2015). We will "not disturb the 'factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)).

A-0156-20

When determining whether to grant an FRO under the Act, a judge must undertake a two-part analysis. Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006). "First, the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Id. at 125. Second, the judge must determine whether a restraining order is necessary to protect the plaintiff from immediate harm or further abuse. Id. at 127.

Plaintiff alleged that defendant committed the predicate act of harassment. Under N.J.S.A. 2C:33-4,

> a person commits a petty disorderly persons offense [of harassment] if, with purpose to harass another, he:
>
> a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;
>
> b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or
>
> c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

"'A finding of a purpose to harass may be inferred from the evidence presented' and from common sense and experience." H.E.S. v. J.C.S., 175 N.J. 309, 327 (2003) (quoting State v. Hoffman, 149 N.J. 564, 577 (1997)). Our

6

Supreme Court has construed "'any other course of alarming conduct' and 'acts with purpose to alarm or seriously annoy' as repeated communications directed at a person that reasonably put that person in fear for [her] safety or security or that intolerably interfere with that person's reasonable expectation of privacy." State v. Burkert, 231 N.J. 257, 284-85 (2017).

In essence, plaintiff's first two arguments dispute the fact findings made by the trial judge. Having reviewed the record, we conclude that those findings were supported by substantial credible evidence. While the judge acknowledged plaintiff's fear when defendant entered the home, he also found that defendant did not engage in conduct constituting harassment under N.J.S.A. 2C:33-4. There is also insufficient evidence in the record demonstrating that defendant intended to harass plaintiff when he entered the home to use the bathroom.

We also conclude that there was credible evidence supporting the judge's finding that plaintiff had not demonstrated a need for a restraining order. The judge reviewed the history between the parties, including the 2018 FRO application and the civil order entered in May 2018. Since the judge was the same judge who entered those orders, he was well-positioned to evaluate whether plaintiff needed an FRO.

In making the findings concerning the lack of a predicate act and the lack of a need for an FRO, the judge cited to the controlling law set forth in <u>Silver</u>, 387 N.J. Super. at 125-27. The trial judge then correctly applied that law to the facts he found.

Given our affirmance of the denial of the FRO, plaintiff was not entitled to counsel fees or costs. <u>See</u> N.J.S.A. 2C:25-29(b)(4) (authorizing award of attorney's fees and costs to the victim of domestic violence).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0156-20